STANLEY BERZANA, Plaintiff-Appellant, *v.* KASIMER MEZYK, Defendant-Appellee.

First District (4th Division)    No. 79-1902

Opinion filed July 24, 1980.—Rehearing denied August 20, 1980.

Philip S. Aimen, of Chicago, for appellant.

Fisch & Lansky, of Chicago (Morris A. Haft, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The issue presented is whether, in the Municipal Department, a judgment entered in the court's minute book but not upon the half-sheet has been "entered of record" for purposes of Supreme Court Rule 272 (Ill. Rev. Stat. 1979, ch. 110A, par. 272). A half-sheet is a document kept in the court file, upon which is entered a "memorandum of papers filed,

proceedings, orders and judgments." Circuit Court of Cook County Rule 0.3(b).

On March 1, 1974, the plaintiff, Stanley Berzana, filed a complaint against the defendant, Kasimer Mezyk, in the municipal department of the circuit court of Cook County seeking damages for injuries sustained in an automobile accident. Mezyk filed an answer on March 26, 1974. There was a pretrial hearing on August 27, 1976, and the case was returned to the calendar call on that date.

On July 6, 1979, Berzana moved to set the cause for trial. The motion was heard by Judge John Gustafson who informed Berzana that a minute book entry showed that the matter had been dismissed for want of prosecution on March 15, 1977. Judge Gustafson entered and continued Berzana's motion until July 9, 1979, for a hearing by Judge Benjamin Mackoff who had ordered the March 15, 1977, dismissal.

On July 9, 1979, Berzana presented a motion to expunge or vacate the "minute dismissal order" of March 15, 1977. This motion was supported by the affidavit of Berzana's attorney which stated that the half-sheet in the court file for this cause did not show the dismissal order of March 15, 1977, but rather the last entry was August 27, 1976. The affidavit stated that the attorney had examined the half-sheet on November 8, 1977, and June 27, 1979. A copy of the half-sheet was attached to the motion.

The trial court denied Berzana's motions. It entered the following order: "Motion to correct record [half-sheet] to show DWP of March 15, 1977 by order of court."

Supreme Court Rule 272 (Ill. Rev. Stat. 1979, ch. 110A, par. 272), entitled "When Judgment is Entered", provides:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. *If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record.*" (Emphasis added.)

Prior to the enactment of Rule 272 a pronouncement of judgment in open court constituted entry of judgment in law cases while a written record entry constituted entry of judgment in equity cases. (*Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 94 N.E.2d 139, *overruled on other grounds in People ex rel. Schwartz v. Fagerholm* (1959), 17 Ill. 2d 131, 161 N.E.2d 20.) Rule 272 abolished this distinction and makes clear that mere oral pronouncement does not constitute entry of judgment in either law or equity cases. *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 371 N.E.2d 1012.

On appeal Berzana argues that the minute book entry was not a judgment "entered of record" within the meaning of Supreme Court Rule 272 and that until the judgment was entered upon the half-sheet it was in a "state of temporary abeyance" and could not be attacked by motion, appealed from, or enforced. He contends that the trial court therefore erred in refusing to entertain his July 1979 motions to vacate the dismissal order and to set the cause for trial.

In support of his contention Berzana relies upon *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 325 N.E.2d 74, where the court held that in the county department a minute book entry is not a judgment of record and that a judgment is entered of record for purposes of Rule 272 where it is entered in the law record book. A comparison of the record keeping systems in the county and municipal departments makes clear that the *Scott* decision is inapplicable to municipal department proceedings.

Under the authority of Supreme Court Rule 21(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 21(b)) the chief judge of the circuit court of Cook County has by general order divided the circuit court into two departments, the county department and the municipal department. (Circuit Court General Order No. 1—2.) The municipal department hears civil actions and proceedings where the amount sought to be recovered does not exceed $15,000. Actions for more than $15,000 are heard in the county department. The record keeping is more formalized in the county department than in the municipal department, reflecting that a higher volume of less consequential litigation is maintained in the municipal department than in the county department.

Unlike the county department, where notations of judgment are entered in a minute book, a docket book and a law record book, the municipal department judgments are entered only in the court's minute book and upon a "half-sheet" which is kept in the court file. Thus, the holding in *Scott*, that judgments entered in the law record book are "entered of record" while judgments entered in the minute book are not, does not apply to proceedings in the municipal department where there is no law record book.

Berzana argues that entries on the half-sheet are entered "of record" while entries in the minute book are not, because Circuit Court General Order No. 6.5 provides that in the municipal department the half-sheet constitutes part of the official record in each case. However, it does not necessarily follow that minute book entries are not of record merely because the half-sheet is "part of the official court record." Until 1977 when the circuit court of Cook County orders were amended making half-sheet entries part of the court record, the law had been that the half-sheet was merely a memorandum of the court proceedings and was not

part of the official court record. (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 372 N.E.2d 965; *Alverio v. Dowery* (1968), 104 Ill. App. 2d 125, 243 N.E.2d 858.) Thus, prior to 1977, the minute book had been kept as the only record of judgment in the municipal department. We see no reason why the enactment of Order No. 6.5 which now makes the half-sheet part of the court record should be read to mean that the minute book is no longer part of the official record. We, therefore, conclude that judgments entered in the minute book in the municipal department of the circuit court of Cook County are "entered of record" for purposes of Rule 272.

Berzana also argues that he looked at the court file on two occasions and did not see the order of dismissal entered on the half-sheet. It is apparently his argument that he somehow was prevented from learning what the order was. However, there is no suggestion in the record that the minute book was not available. Customarily, the minute books are kept in the courtroom where the order was entered for a considerable length of time and thereafter are kept in a central location in the clerk's office. We are therefore not persuaded by this argument.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P. J., and ROMITI, J., concur.