MICHAEL DRULARD, Plaintiff-Appellee, *v.* COUNTRY COMPANIES, d/b/a Country Mutual Insurance Company, *et al.*, Defendant-Appellant.

Fourth District    No. 17015

Opinion filed September 11, 1981.—Rehearing denied October 14, 1981.

Stephen C. Mudge, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellant.

David Grounds, of Herndon & Lakin, of East Alton, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:
Defendant, Country Companies, d/b/a Country Mutual Insurance Company, Country Casualty Insurance Company, and Country Insur-

ance Company, appeals a declaratory judgment of the circuit court of Jersey County ruling that an insurance policy issued by defendant to the father of plaintiff, Michael Drulard, extended coverage to plaintiff in regards to an automobile collision in which he was involved. Pursuant to defendant's appeal, we examined the record and became concerned with whether defendant's notice of appeal was filed in sufficient time to give us jurisdiction. After permitting further briefing and examining that presented, we conclude that the notice was not filed within the required 30 days from the final order appealed. (73 Ill. 2d R. 303(a).) In doing so we rely upon an administrative order of the supreme court applicable to the circuit court of Jersey County. Accordingly, we dismiss the appeal.

The original record before us showed the judgment as having been recorded only in a "Minute Record" kept by the court's clerk. That entry was dated January 15, 1981, and did not require submission of a written judgment. The notice of appeal was not filed until February 18, 1981, 34 days later. We have permitted defendant to supplement the record with affidavits indicating: (1) the trial court clerk's office keeps a book entitled "Judgment Record Book" but that book is kept only for money judgments and the instant judgment was not recorded there; (2) the usual practice in that clerk's office is to notify counsel of the entry of judgments the day entry is made; and (3) here, defense counsel was notified by mail of the entry of the instant judgment in the "Minute Record" on January 20, 1981, five days after the entry was actually made.

Defendant maintains that the recordation of the judgment in the "Minute Record" did not constitute entry of the judgment for purposes of computing the time for filing notice of appeal. Rather, it maintains: (1) the judgment was not entered until January 20, 1981, when the letter was sent, in which case notice of appeal was timely filed; or (2) the judgment was never entered, in which case we should dismiss the appeal, not for lack of timely filing of notice of appeal, but because of the lack of an entry of the order from which appeal was sought. Under the latter circumstances, jurisdiction would remain in the trial court for the making of a proper entry of the judgment, and the time for filing notice of appeal would start to run from that date.

■■ We summarily reject the theory that the issuance of the letter by the clerk constituted entry of the judgment. The letter did contain a statement of the minute entry and a copy of the letter was placed in the court file but the statement in the letter was no more expanded than the minute entry and the copy of the letter was no more a permanent document than the "Minute Record." We know of no rule of statutory or case law which would make the issuance of the letter or the recording of the copy an entry of the judgment.

Defendant's alternate claim that no judgment had been entered is

based on Supreme Court Rule 272 (73 Ill. 2d R. 272) and is supported by substantial authority. The rule states:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment *and* enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." (Emphasis added.)

The rule changed the prior procedure whereby, as set forth in *Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, 94 N.E.2d 139, *overruled on other grounds by People ex rel. Schwartz v. Fagerholm* (1979), 17 Ill. 2d 131, 161 N.E.2d 20, a judgment at law spoke from its pronouncement in open court while a chancery decree was deemed to be entered when the written document was filed or recorded.

In *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 326 N.E.2d 74, the court explained the application of Rule 272 to the procedure in the circuit court of Cook County. The appellate court concluded the rule contemplated both a "notation of judgment" and an entry "of the judgment of record" in cases where no draft judgment was to be presented. It concluded that the "notation" was made when a clerk made a minute of the order but the "entry of the judgment of record" did not occur until entry into a book called the Law Record. The appellate court noted dictum in *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, 275 N.E.2d 654, stating that neither a docket entry nor the making of a memorandum by the judge constituted an entry of record within the meaning of Rule 272.

However, recordkeeping in the circuit court of Jersey County is governed by different rules than those applicable to Cook County at the time of the *Scott* decision. Section 16 of "An Act to revise the law in relation to clerks of courts" provides for the records to be kept by circuit clerks "[U]nless otherwise provided by rule or administrative order of the Supreme Court * * *." (Ill. Rev. Stat. 1979, ch. 25, par. 16.) Such an administrative order applicable to counties of the first and second class, of which the county of Jersey is one, has been entered. (Ill. Ann. Stat., ch. 25, par. 16 (Smith-Hurd Supp. 1981).) It empowers the director of the Administrative Office of Illinois Courts to determine when the order shall become effective in such counties, and the Director had provided for it to become effective in Jersey County prior to the times pertinent here.

Part I(D) of the administrative order provides for a "Basic Record." Part I(D)(2) states that the "basic record" consists of "a. [e]verything

filed" in the case, and "b. [t]he date an event occurs, a paper is filed, or an order is signed or pronounced." Appearing as an explanation of part I(D)(2)(b)(6), is the following:

> "The action of the judge shall be reflected in a signed order or a minute order. A minute order is an orally pronounced order shown on the record sheet in brief form sufficient to record the action of the judge. When a signed order is filed, that fact shall be noted on the record sheet, briefly indicating its nature. An order otherwise appealable shall not be considered nonappealable because it is in minute form." Ill. Ann. Stat., ch. 25, par. 16, at 26 (Smith-Hurd Supp. 1981).

Construing Rule 272 and the administrative order together, we conclude that the declaratory judgment here was entered on January 15, 1981, and the "Minute Record," constituted the "record sheet." The "minute form" of the judgment did not prevent it from being appealable at that time. Where, as permitted by the administrative order, the "record sheet" is the only "notation" of a judgment not reduced to a separate written judgment order, that "notation" constitutes both the "notation" of the judgment and the entering "of the judgment of record" as required by Supreme Court Rule 272. Language to the contrary in *Tharp, Scott, Davidson Masonry and Restoration*, or other cases is not applicable when the administrative order is in force.

■■ The entry here in the "Minute Record" on January 15, 1981, in the office of the circuit clerk of Jersey County met the requirements of the administrative order and Rule 272 for entering "the judgment of record." The time for filing notice of appeal ran from that date. The filing of the notice of appeal on February 18, 1981, did not meet the jurisdictional requirements of Supreme Court Rule 303(a) (73 Ill. 2d R. 303(a)). We lack jurisdiction. The appeal is dismissed.

Appeal dismissed.

TRAPP, P. J., and WEBBER, J., concur.