MINNIE A. HASTY *et al.*, Plaintiffs-Appellants, v. JOAN KILPATRICK, Defendant-Appellee.

Fourth District   No. 4—84—0490

Opinion filed February 7, 1985.

Knuppel, Grosboll, Becker & Tice, of Petersburg (R. John Alvarez, of counsel), for appellants.

Rammelkamp, Bradney, Hall, Dahman & Kuster, of Jacksonville (Forrest G. Keaton, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

This litigation arises out of an intersection collision in the city of Rushville on December 5, 1980. Suit was filed by the plaintiffs in the circuit court of Schuyler County, and defendant filed a counterclaim. Plaintiffs' suit was for personal injuries and property damage; defendant's counterclaim was for property damage only. The case was tried to a jury which returned verdicts in favor of the defendant on both the complaint and the counterclaim. Plaintiffs have appealed.

Before proceeding to the merits of the appeal, we are called upon to untangle a procedural snarl which has little reason for being. The jury returned its verdicts on June 5, 1984, and upon receiving them, the trial judge announced in open court, "Judgment will be entered on the verdict. [Sic.]" No mention was made of a written order. Nevertheless, a written order was prepared; according to counsel, it was done by the trial judge himself; it was filed-stamped by the circuit clerk on June 8, 1984.

Along with the written order there also appears the following docket entry:

| | |
|---|---|
| "6-08-84 Welch<br>Evans<br>ORDER SIGNED<br>JUNE 5, 1984. | Cause comes on for hearing as to jury trial on June 4, 1984. Twelve jurors selected and parties and counsel agree to no alternate. Evidence adduced on June 4 and 5, and arguments heard on June 5. Jury retires to deliberate at approximately 2:14 P.M.. At approximately 4:28 P.M. the jury returns with a verdict. The jury finds on the complaint for the defendant and against the plaintiffs. On the counter-complaint the jury finds for the counter-complainant and against the defendant, Minnie Hasty, in the amount of $570.24. Judgment is entered on the verdicts, signed." |

The question posed is: when did the judgment order become appealable? The notice of appeal was filed July 9, 1984; if the order became appealable on June 8, 1984, the notice is timely (July 8, 1984, being a Sunday); if the order became appealable on June 5, 1984, the notice is not timely. The appellee filed a motion to dismiss based upon the latter hypothesis. That motion was denied by this court on July 16, 1984. The appellee renewed the motion on November 2, 1984, and it was ordered taken with the case. We now deny the renewed motion.

The matter is controlled by Supreme Court Rule 272 (87 Ill. 2d R. 272), which provides:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

The rule admits of only two possibilities: (1) a written order is required, or (2) it is not and judgment is entered when it becomes of record. There is nothing in this record to indicate that the trial judge ever required a written order. Therefore, the order prepared by him becomes a nullity. Its only value is to corroborate by the file stamp which it bears the docket entry of the same date.

■ This court held in *Drulard v. Country Cos.* (1981), 99 Ill.

App. 3d 1031, 426 N.E.2d 347, that in counties in which record keeping is governed by a general administrative order of the Illinois Supreme Court (of which Schuyler County is one), entry in the record sheet, or docket, is the judgment of record. It follows in the case at bar that the entry date is June 8, 1984, as indicated by the docket. The fact that the docket also indicates that a written order was signed on June 5, 1984, is immaterial since no written order was required.

Attached to the appellee's motion to dismiss is a document entitled "Money Judgment." Included on that document is this case with the date indicated as June 5, 1984. From this, appellee argues that judgment in the instant case was entered of record on that date. We disagree.

Part I(C)(12) of the "General Administrative Order on Record-keeping in the Circuit Courts" (Ill. Ann. Stat., ch. 25, par. 16, at 26 (Smith-Hurd Supp. 1983)) provides for a "Money Judgment *Index*" (emphasis added). The judgment itself is provided for in Part I(D)(2)(b)(6) of the same general administrative order. By its very nature, an index is a list of references together with a notation as to where they may be found in its related work. Apart from the work to which it is related, it is itself meaningless.

■ We hold that an entry in an index is not an entry of record of a judgment within the meaning of Supreme Court Rule 272.

For all the foregoing reasons, we find that judgment in this case was entered of record on June 8, 1984; plaintiffs' notice of appeal was therefore timely; and the motion to dismiss and the renewed motion to dismiss are denied. We have jurisdiction.

Plaintiffs' only contention on the merits of the appeal is that the verdicts were against the manifest weight of the evidence. An extensive review of the facts is not necessary, since they are well known to the parties. The collision occurred at the intersection of North Liberty and East Adams streets. It was undisputed that Adams was the preferential street and that drivers on Liberty were required to stop by signs posted there. Plaintiffs (Hasty was driver and Stevenson was passenger) were northbound on Liberty; defendant was eastbound on Adams; the collision occurred in the southeast quadrant of the intersection.

Plaintiff Hasty testified that she did stop at the intersection, did look in both directions, but did not see defendant's automobile until the collision.

Defendant testified that she had turned onto Adams only one short block west of Liberty and was proceeding at about 20 miles per

hour when the collision occurred. She stated that she did not see plaintiffs' vehicle until it was in the intersection, at which time she braked and turned to the south in an effort to avoid the collision.

A police officer of the city of Rushville testified that he arrived immediately following the collision and that there was nothing to obstruct the view to the west of one stopped at the northbound stop sign on Liberty.

As we have previously indicated, the jury returned verdicts in favor of the defendant both on plaintiffs' complaint and on defendant's counterclaim for property damage. We find no basis upon which to interfere with those findings. The inference to be drawn from the evidence is that plaintiff Hasty grossly misjudged the approach of defendant's car, or, alternatively, entirely failed to see it.

The applicable rule of the road appears at section 11—904(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—904(b)). That section requires that a motorist obey a stop sign, after which the driver must yield the right of way to any vehicle approaching the intersection close enough to constitute an immediate hazard. Whether a driver is negligent in entering a controlled intersection on a nonpreferential road is singularly a question of fact, since there are no precise standards, and the issue involves considerations of the relevant speed and distances of vehicles. (*Kofahl v. Delgado* (1978), 63 Ill. App. 3d 622, 380 N.E.2d 407.) The jury's findings on such issues are not against the manifest weight of the evidence unless a contrary conclusion is clearly evident. *Harris v. Day* (1983), 115 Ill. App. 3d 762, 451 N.E.2d 262.

As in all such cases, there were conflicts in the evidence and questions of credibility of witnesses to be assessed. These are functions of the jury. In the same manner, the jury must judge defendant's comparative negligence when acting upon her counterclaim. A motorist on a preferential road does not possess an absolute right under all circumstances, but he does have the right to expect that vehicles on the nonpreferential road will obey the stop sign and yield the right of way. (*Kofahl v. Delgado* (1978), 63 Ill. App. 3d 622, 380 N.E.2d 407.) The jury's finding in this regard cannot be said to be against the manifest weight of the evidence.

The judgment of the circuit court of Schuyler County is affirmed.

Affirmed.

GREEN, P.J., and TRAPP, J., concur.