AHN BROTHERS, INC., *et al.*, Plaintiffs-Appellants, v. DOMINIC J. BUT-TITTA, JR., *et al.*, Defendants-Appellees.

Second District   No. 85—0412

Opinion filed May 16, 1986.

L. Steven Plat, of Arnold & Kadjan, of Chicago, for appellants.

Roger C. Nelson, Jr., of Wheaton, for appellees.

JUSTICE STROUSE delivered the opinion of the court:

The plaintiffs, Ahn Brothers, Incorporated, and Dongkee and Sungkee Ahn, appeal from an oral pronouncement of the trial court of April 22, 1985, that awarded the defendants, Dominic J. Buttitta, Jr., and Dominic A. Buttitta, Sr., those costs they incurred that were attributable to the use of an interpreter at the deposition to which the

plaintiffs submitted at the defendants' request. The plaintiffs' sole contention in this court is that the cost of the interpreter used at the deposition and the additional cost of that part of the deposition which was attributable to the presence of the interpreter was not taxable against the plaintiffs, who were the losing parties in the underlying lawsuit. In light of our conclusion, as is set forth below, that we do not have jurisdiction to adjudicate the present appeal, we do not discuss the question the plaintiffs have framed for our resolution.

After the trial court directed a verdict in favor of the defendants and against the plaintiffs on the declaratory judgment portion of their complaint and later dismissed the remainder of the plaintiffs' cause of action, the defendants filed a motion for attorney fees and costs. On April 22, 1985, the trial court stated that it would not award fees but would award those costs the defendants incurred as a result of the use of an interpreter at the plaintiffs' deposition. An examination of the plaintiffs' notice of appeal, which they filed on May 20, 1985, discloses that they are appealing from the "order" the trial court entered on April 22, 1985.

■ Although the defendants have not filed a brief in this court (see *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133) or otherwise questioned whether we have jurisdiction to decide this appeal, it is clear, nonetheless, that a court of review has an independent obligation to consider whether jurisdiction exists and to dismiss the appeal if it concludes that jurisdiction is lacking. (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539; *Branch v. European Autohaus, Ltd.* (1981), 97 Ill. App. 3d 949, 951-53.) As the present appeal is not interlocutory in nature, we may review this matter only if the plaintiffs have appealed from a final order or judgment. See, *e.g.*, 97 Ill. App. 3d 949, 951; *Allabastro v. Wheaton National Bank* (1980), 91 Ill. App. 3d 222, 224.

Supreme Court Rule 272 states:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." (87 Ill. 2d R. 272.)

Prior to the enactment of Rule 272, the oral pronouncement of judgment in open court constituted the entry of judgment in law cases, whereas in equity cases a judgment was deemed to be entered when

the written document was filed or recorded. (*Freeport Motor Casualty Co. v. Tharp* (1950), 406 Ill. 295, *overruled on other grounds in People ex rel. Schwartz v. Fagerholm* (1959), 17 Ill. 2d 131; *Drulard v. Country Companies* (1981), 99 Ill. App. 3d 1031, 1033; *Berzana v. Mezyk* (1980), 86 Ill. App. 3d 824, 825.) The purpose of Rule 272 is to remove all doubt regarding the date a judgment is entered or becomes final. (See *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 620; Ill. Ann. Stat., ch. 110A, par. 272, Committee Comments, at 542 (Smith-Hurd 1985).) Designed to make uniform the entry of judgments in both legal and equitable actions (see *Robertson v. Robertson* (1984), 123 Ill. App. 3d 323, 327), the rule makes the record-entry date controlling for all judgments (*Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 982-93).

■■ ■ Rule 272 provides for two alternatives: (1) a written order is required; or (2) no written order is necessary, and the judgment is entered when it becomes of record. (*Hasty v. Kilpatrick* (1985), 130 Ill. App. 3d 859, 861.) Thus, under Rule 272, when an oral pronouncement of judgment occurs, the judgment becomes final at the time it is entered of record. (*People v. Dickerson* (1984), 129 Ill. App. 3d 59, 61; see *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 460.) The great weight of authority clearly establishes that the mere oral pronouncement of judgment does not constitute the entry of judgment. *Berzana v. Mezyk* (1980), 86 Ill. App. 3d 824, 825; *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 459; *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 982; see *In re Estate of Rice* (1985), 130 Ill. App. 3d 416, 424. But see *People v. Toolen* (1983), 116 Ill. App. 3d 632, 642-45.

■■ In the case at bar, the trial judge made an oral pronouncement at the hearing held on April 22, 1985, that he "would award those costs" that related to the use of the interpreter during the deposition, whatever they were. We note that the transcript of that hearing was filed in the trial court on June 17, 1985, almost a month after the plaintiffs filed their notice of appeal in this cause. Also, our examination of the instant record does not reveal the amount of the costs in question that the defendants incurred or the sum of the costs the court actually awarded. In addition, there is no indication in the record that the court required the submission of a written judgment. Furthermore, although the plaintiffs have included as an appendix to their brief an unsigned, written order which they state was presented to the trial judge for his signature on August 12, 1985, we are unable to consider that attachment to the brief because the alleged order is not contained in the record before this court. See *Regal Package Liquor, Inc. v. J.R.D., Inc.*

(1984), 125 Ill. App. 3d 689, 691; *Tomlen Group, Ltd. v. Goldfarb* (1981), 101 Ill. App. 3d 154, 157.

■ It is manifest that at the time the notice of appeal was filed in this case there was neither a signed, written order nor a judgment that was otherwise entered of record. There is no indication here that the oral pronouncement of judgment was ever noted in a minute book or on a record sheet (docket) or other record-keeping document. (*Cf. Hasty v. Kilpatrick* (1985), 130 Ill. App. 3d 859 (docket entry); *People v. Dickerson* (1984), 129 Ill. App. 3d 59 (oral order entered in the record); *Robertson v. Robertson* (1984), 123 Ill. App. 3d 323, 326-27 (record sheet entry); *Drulard v. Country Companies* (1981), 99 Ill. App. 3d 1031, 1032-34 (minute record entry); *Berzana v. Mezyk* (1980), 86 Ill. App. 3d 824, 826-27 (entry in minute book).) Until a written order or entry of record is made, the court's oral announcement of a final judgment is not effective. (*People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 460.) Because no judgment was entered of record in this case, the filing of the notice of appeal on April 22, 1985, did not satisfy the jurisdictional requirement of Supreme Court Rule 303(a) (87 Ill. 2d R. 303(a)), as it is relevant here, that the notice of appeal be filed within 30 days of the *entry* of the final judgment from which the appeal was taken. See *e.g., Drulard v. Country Companies* (1981), 99 Ill. App. 3d 1031, 1034.

Parenthetically, we observe that our decision in *In re Estate of Rice* (1985), 130 Ill. App. 3d 416, 424, is distinguishable factually from the case of bar. In *Rice*, unlike here, the trial court specifically stated that the transcript stood as its order, and the transcript was filed before the filing of the notice of appeal.

One final matter deserves brief comment here. Even if we were able to consider the written order that is contained in the appendix to the plaintiffs' brief, it is clear that the notice of appeal the plaintiffs filed in this cause antedates the alleged filing of the trial court's written order in August 1985. Therefore, the plaintiffs' appeal would be premature and would not confer jurisdiction on this court. See *Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 291-94; *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 620-21; *In re Marriage of Roberts* (1980), 84 Ill. App. 3d 538, 541-42; *Texaco, Inc. v. Barnes* (1978), 60 Ill. App. 3d 696, 699.

In accordance with the views expressed above, we dismiss the instant appeal.

Appeal dismissed.

REINHARD and HOPF, JJ., concur.