THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. WILLIAM A. DURLEY, JR., Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. PAMELA JERALDS, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. PATRICIA A. SPENCER, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. ROBERT L. STEVENS, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. MERTON E. THAYER, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Fifth District   Nos. 5—88—0736, 5—89—0637, 5—89—0660, 5—89—0743, 5—89—0799 cons.

Opinion filed August 16, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and William D. Frazier, William H. London, Ann Plunket-Sheldon, Claudia Sainsot, and Jerald S. Post, Assistant Attorneys General, of Chicago, of counsel), for appellant.

P.K. Johnson, Jr., of Johnson & Johnson, of Belleville, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

In each of these appeals, the Secretary of State, Jim Edgar (Secretary), seeks to appeal from an order of the circuit court which directed the Secretary, for the second time, to issue a judicial driving permit (JDP) pursuant to section 6—206.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1). These appeals have been consolidated for opinion in light of the recurrence of the jurisdictional issues presented for our consideration.

It has recently been recognized that the statutory procedure for the issuance of JDPs is not without its problems. (*People v. Kerr*

(1990), 196 Ill. App. 3d 207, 211, 552 N.E.2d 1329, 1332.) These appeals present yet another issue: when is the trial court's judgment, that the Secretary should issue a JDP, final for purposes of appeal?

In *People v. Pine* (1989), 129 Ill. 2d 88, 542 N.E.2d 711, the supreme court held that the Secretary had standing to appeal from the circuit court's order directing the Secretary to issue a JDP. The court stated: "The Secretary has broad authority to administer the State's laws governing the conduct of drivers on the road ***. *** [T]his authority includes the exclusive right 'to grant, issue, deny, cancel, suspend and revoke driving privileges, drivers' licenses and restricted driving permits,' except as provided in section 6—206.1. [Citation.]" (*Pine*, 129 Ill. 2d at 96, 542 N.E.2d at 713.) Section 6—206.1(B), subsection (d), of the Illinois Vehicle Code provides as follows:

"The Secretary of State shall, upon receiving a court order from the court of venue, issue a JDP to a successful Petitioner under this Section. Such court order form shall also contain a notification, which shall be sent to the Secretary of State, providing the name, driver's license number and legal address of the successful petitioner, and the full and detailed description of the limitations of the JDP. This information shall be available only to the courts, police officers, and the Secretary of State, except during the actual period the JDP is valid, during which time it shall be a public record. The Secretary of State shall design and furnish to the courts an official court order form to be used by the courts when directing the Secretary of State to issue a JDP.

Any submitted court order that contains insufficient data or fails to comply with this Code shall not be utilized for JDP issuance or entered to the driver record but shall be returned to the issuing court indicating why the JDP cannot be entered. A notice of this action shall also be sent to the JDP petitioner by the Secretary of State." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(d), as amended by Pub. Act 85—965, eff. July 1, 1988.)

The court noted that the statutory scheme "requires the Secretary to be more actively involved after the order has been entered." (*Pine*, 129 Ill. 2d at 100, 542 N.E.2d at 715.) The court further stated:

"[I]n the JDP proceeding the Secretary is not initially a party, but if he and the court disagree over the order, under section 6—206.1(B)(d), in a sense, an ancillary proceeding is created between the two to determine whether the JDP is statutorily correct. In the first phase of the hardship proceeding, the driver petitions the circuit court for a JDP. During this stage,

the State's Attorney, if he chooses, may participate. If the court grants the petition, an order is entered for the JDP. After the order is entered, the litigation in court is terminated between the petitioner and the State's Attorney. In the second phase, the matter proceeds to the Secretary, who reviews the court order and returns it to the court if it is found improper. The court may accede to the Secretary's position or resubmit the order. If it is resubmitted, the Secretary may ignore the order and risk being held in contempt, or an appeal may be taken. *Thus, the statute contemplates a separate proceeding in which the Secretary is intricately involved* \*\*\*.

\*\*\* After the court resubmits the order, it is final and appealable. \*\*\* [T]here is no reason that the Secretary must be held in contempt before he may appeal the decision. [Citations.] However, before the Secretary may appeal, the procedure outlined in section 6—206.1(B)(d) should be followed. After the order has been sent to the Secretary, he must either enter it or return it to the court. If he returns it and the court changes the order to meet the Secretary's objections, there is no need for review of the order. If the court chooses to resubmit the order without meeting the Secretary's objections, the order then, in the Secretary's view, does not comply with the law. The Secretary may then seek appellate review of the order." (Emphasis added.) *Pine*, 129 Ill. 2d at 102-04, 542 N.E.2d at 716.

Given the procedure set out by statute and its interpretation by the supreme court in *Pine*, the question presented in each of the cases herein is whether a final, appealable judgment has been entered at the conclusion of the second phase of the JDP proceedings. In several of the cases herein the circuit courts and circuit clerks have not treated the JDP orders as final judgments, but instead have treated the JDP orders as administrative matters. This has resulted in JDP orders being issued and apparently mailed to the Secretary, but being neither "filed" nor "entered of record" in the circuit clerk's files. Although subsection (d) of section 6—206.1(B) requires the courts to use "an official court order form" to direct the Secretary to issue a JDP, some of the information on that form will be a "public record" only while the JDP is valid. It appears that some circuit clerks and circuit courts have taken the position that the JDP order itself is to be a public record only in the Secretary of State's files, which may explain the failure to include those orders in the circuit clerks' files.

■■ Generally, the determination of whether a civil judgment is final is governed by Supreme Court Rule 272 (107 Ill. 2d R. 272). JDP

proceedings are civil in nature. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(e).) Supreme Court Rule 272 was intended to remove all doubt regarding the date a judgment is entered or becomes final. (Ill. Ann. Stat., ch. 110A, par. 272, Committee Comments, at 542 (Smith-Hurd 1985).) The rule provides as follows:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." (107 Ill. 2d R. 272.)

Rule 272 provides for two alternatives: (1) a signed, written order is required to be filed; or (2) the filing of a signed, written order is not necessary, and the judgment is entered when it becomes of record. *Ahn Brothers, Inc. v. Buttitta* (1986), 143 Ill. App. 3d 688, 690, 493 N.E.2d 384, 386.

Therefore, if under Rule 272 the written, signed, official JDP order form is to be filed in the circuit court, then the judgment directing the Secretary to issue a JDP becomes final only when the written, signed, JDP order is filed. 107 Ill. 2d R. 272.

On the other hand, if under the Illinois Vehicle Code the written, signed, official JDP order form is to be filed only in the Secretary of State's office, then the judgment directing the Secretary to issue a JDP becomes final when it is "entered of record," *i.e.*, a record sheet entry would suffice.

■ We conclude that in light of the language of subsection (d) of section 6—206.1(B) of the Illinois Vehicle Code, which provides for the confidentiality of certain driver information, the "official court order form" need not be "filed" in the circuit court. We note the statute never mentions that the order need be "filed" in the circuit court. The statute does state that the driver information shall be a "public record" while the JDP is valid, but presumably that information will be available to the public as required, as part of the Secretary's records.

Nevertheless, even though the official court order form does not need to be filed in the circuit court, Rule 272 does require that a "notation of judgment" be "entered of record."

We now address the jurisdictional issue in each of the five cases involved herein.

In *People v. Durley*, No. 5—88—0736, a St. Clair County case,

every document in the record on appeal is a copy. The record does include an order dated and file-stamped September 28, 1988, which states: "Issue JDP." The record also includes a "COURT ORDER DIRECTING THE SECRETARY OF STATE TO ISSUE A JUDICIAL DRIVING PERMIT," dated September 28, 1988, and signed by the trial judge, but this is not file-stamped. The record also includes a letter dated October 5, 1988, from the Secretary to the circuit court of St. Clair County objecting to the JDP order, but this letter is not file-stamped. Finally, there is another "COURT ORDER DIRECTING THE SECRETARY OF STATE TO ISSUE A JUDICIAL DRIVING PERMIT," dated October 19, 1988, and signed by the trial judge, but it too is not file-stamped. The notice of appeal is file-stamped November 17, 1988, and states that it is from an order "entered October 19, 1988" granting a judicial driving permit. There are no record sheet entries in this record on appeal.

■ This court entered an order directing the Secretary to show cause why the appeal should not be dismissed for lack of appellate jurisdiction, in light of this court's inability to determine if or when the resubmitted JDP order was final. This court's order noted that the commonly accepted manner of determining a filing date is by the circuit clerk's file stamp. (*Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 553, 500 N.E.2d 692, 695; *Fairfax Family Fund, Inc. v. Couch* (1982), 103 Ill. App. 3d 492, 494, 431 N.E.2d 461, 462.) Although the resubmitted JDP order apparently bears the date on which the trial judge signed it, there is no file stamp, nor is there a notation of judgment entered of record. There has been no response to the show-cause order.

Therefore, pursuant to the foregoing analysis, in the absence of a final judgment, the notice of appeal was prematurely filed and the appeal in No. 5—88—0736 must be dismissed.

In *People v. Spencer*, No. 5—89—0660, the record on appeal again consists of copies of documents, not the originals. The record does include a copy of a JDP order dated August 25, 1989, apparently resubmitted to the Secretary at the conclusion of the second phase of the JDP proceedings. However, this copy appears to have found its way into the record only as an attachment to the Secretary's notice of appeal. Furthermore, there are no record sheet entries in this record on appeal.

This court entered a show-cause order, and the Secretary has filed a response, including an affidavit by an assistant Attorney General. This affidavit states that the attorney was informed by the circuit clerk's office that "the Circuit Court of St. Clair County does not reg-

ularly file-stamp orders, nor does it maintain record sheet entries for orders entered in misdemeanor and traffic court cases." The affiant also stated that she could supplement the appellate record with the original of the August 25, 1989, JDP order, but the original does not bear a file-stamp.

As in No. 5—88—0736, in the absence of a file stamp or a record sheet entry, it cannot be determined when the JDP order was filed or entered of record. Therefore, the appeal in No. 5—89—0660 is also dismissed.

In *People v. Jeralds*, No. 5—89—0637, a Williamson County case, the record on appeal includes a copy of a JDP order, apparently resubmitted to the Secretary at the end of the second phase of the JDP proceedings. This order bears the date of August 9, 1989, the date of the original JDP order, and is signed by the trial judge. However, above the August 9 date is also written: "8-18-89 Reassessed," again with the judge's signature. This document also bears a court seal of August 24, 1989, but it is file-stamped September 18, 1989. Apparently, the file stamp was applied when this copy of the JDP order was sent to the circuit clerk along with the Secretary's notice of appeal, because the notice of appeal is also file-stamped September 18, 1989. Although there are record sheet entries in this record on appeal, there is no entry describing when the "reassessed" JDP order was entered of record or filed.

This court entered a show-cause order in No. 5—89—0637, and a response has been filed. The response alleges that the Secretary "was not a party to this lawsuit at the trial level [and] [t]he Appellant therefore does not have the ability to oversee issuance of the orders by the trial court and the clerk and does not have the ability to ensure that the clerk properly file-stamps the orders." We do not agree. In *Pine*, the supreme court noted that the Secretary is not *initially* a party in a JDP proceeding, but if the Secretary objects to the JDP order then an ancillary proceeding is created, "a separate proceeding in which the Secretary is intricately involved."

Therefore, like the appeals in Nos. 5—88—0736 and 5—89—0660, this court cannot determine when final judgment was filed or entered of record, and the appeal in No. 5—89—0637 is dismissed.

In *People v. Stevens*, No. 5—89—0743, the record indicates that a JDP was originally issued on or about September 20, 1989, and that the Secretary objected. The record also includes a report of proceedings for a hearing on October 18, 1989, during which the circuit court agreed to resubmit the JDP to the Secretary. There is also a copy of a written order dated that same date in which it is stated: "The Court,

having reassessed the facts *** reissues the JDP." This order is file-stamped October 18, 1989. There is also a copy of a JDP, indicated as a "duplicate" JDP, which bears a date of issuance of October 18, 1989. However, this JDP order is not signed by a judge nor does it bear a file stamp. There are no record sheet entries in this record on appeal.

In this case, No. 5—89—0743, the record includes a written order in which the circuit court directed the Secretary to reissue the JDP, and the order bears the stamp of the circuit clerk indicating it was filed on October 18, 1989. This is also supported by a report of proceedings for that date. This court can conclude then from the record that final judgment was entered of record on October 18, 1989, and the Secretary's notice of appeal was timely.

Therefore, this court has jurisdiction in case No. 5—89—0743.

Finally, in *People v. Thayer*, No. 5—89—0799, the Secretary challenged the court's original JDP order, dated September 26, 1989. The record includes a copy of that JDP order, which also bears the notation that it was "reissued 10-24-89," and this copy is file-stamped "10-24-89." There is also a record sheet entry for October 24, 1989, indicating that the trial judge reissued the JDP and that the JDP was mailed back to the Secretary with a copy being filed.

In this case, No. 5—89—0799, the court can conclude that final judgment was entered of record on October 24, 1989, and the Secretary's notice of appeal was timely.

Therefore, this court has jurisdiction in case No. 5—89—0799.

For the foregoing reasons, the appeals in Nos. 5—88—0736, 5—89—0660 and 5—89—0637 are dismissed.

Nos. 5—88—0736, 5—89—0660, 5—89—0637, Appeals dismissed.

HARRISON and HOWERTON, JJ., concur.