(No. 51266.—

ROBERT BOYD WEST, Appellant, v. EVELYN LUCILLE
WEST, Appellee.

*Opinion filed May 24, 1979.*

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur (Vernon H. Houchen, of counsel), for appellant.

Tenney & Tietz, of Decatur (Harold F. Tenney, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Robert Boyd West, filed a complaint for

divorce against the defendant, Evelyn Lucille West, in the circuit court of Macon County. The complaint was filed February 9, 1976, under the Illinois Divorce Act (Ill. Rev. Stat. 1975, ch. 40, pars. 1 to 21.4), which was then in effect, but was repealed effective October 1, 1977. After a bench trial the circuit court entered a judgment of divorce, and the defendant appealed to the Appellate Court for the Fourth District, which reversed the judgment and remanded the cause (62 Ill. App. 3d 963). We granted the plaintiff's petition for leave to appeal.

The appellate court held that this case was governed by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101 to 802), which was approved on September 22, 1977, and became effective October 1 of that year. The court reversed the judgment below because the circuit court had made no finding that one of the grounds for dissolution of marriage prescribed by section 401(2) of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 401(2)) existed "without cause or provocation" by the plaintiff.

The complaint sought a divorce on the grounds of constructive desertion and extreme and repeated mental cruelty. The defendant's answer alleged that any acts of mental cruelty had been provoked by acts of adultery committed by the plaintiff. The latter were also alleged as an affirmative defense of recrimination, and as a basis for a counterclaim seeking separate maintenance. In awarding the plaintiff a divorce the circuit court also denied the counterclaim.

The case was tried in 1977. The presentation of evidence was concluded on May 10. The trial court did not announce a decision from the bench, but on July 15, after the submission of briefs, the court filed a signed document, captioned "memorandum," which granted a divorce to the plaintiff, and made provisions for child custody, alimony, and various items of property held by the parties.

Custody of a minor child born to the parties was awarded to the defendant, and the plaintiff was directed to pay $50 a week in support. The plaintiff was directed to pay the defendant $900 per month as alimony. The court directed that the marital residence and its contents be sold, the proceeds to be divided equally between the parties. The defendant was directed to reconvey to the plaintiff an undivided half interest which she had been given in certain income-producing property owned by the plaintiff. The plaintiff was also ordered "to pay reasonable attorney fees to the defendant's counsel subject to hearing to establish said sum."

The memorandum recited that the plaintiff's complaint for divorce was "established by more than a preponderance of the evidence," but it did not specify on which ground the divorce was granted, and no reference was made to the element of provocation. The memorandum closed with the statement, "See judgment of divorce to be filed in conformity with the findings expressed herein."

A judgment for divorce was entered by the circuit court on November 2, 1977. That judgment found that the defendant had been guilty of extreme and repeated cruelty toward the plaintiff. No finding was made on the charge of desertion or on the issue of provocation. The judgment contained the same dispositional provisions as those of the memorandum, except that the amount to be paid to the defendant's counsel was now specified as $6,000.

The defendant filed a timely motion to vacate the judgment, alleging that the action was governed by the new act, and that the judgment was contrary to sections 503 and 504 thereof (Ill. Rev. Stat. 1977, ch. 40, pars. 503, 504). Those sections relate to the disposition of property and to maintenance, the term used in the new act for what was formerly called alimony. The court heard oral argument on the motion to vacate, on which briefs by

each party were also submitted, and on January 4, 1979, the court denied the motion.

The docket entry of the order denying the motion was:

> "Experienced and effective attorneys have thoroughly and exhaustively tried this case on its merits. The Court reviewed the authorities, studied the copious record and decided the issues pursuant to rules in effect at the time of trial; granted a divorce to the plaintiff and equitably divided the property accumulated during coverture on June 15, 1977. The fact that defense counsel procrastinated for many weeks before approving the decree as to form does not disturb a chancery decision. Post trial petition for relief denied."

On January 12, 1978, the defendant filed a timely notice of appeal from the judgment of November 2 and from the order denying the motion to vacate.

The reference made by the circuit court to procrastination by the defendant's counsel is presumably based on statements made by counsel for the parties in their briefs and in oral argument on the motion to vacate, for no evidentiary hearing was held on this matter. To summarize those statements, counsel for the plaintiff represented that after receipt of the July 15 memorandum he prepared a draft order and forwarded it on August 8 to counsel for the defendant for the purpose of obtaining a dollar figure for the award to the defendant of attorney's fees. The plaintiff's counsel stated that the defendant's attorney did not return the revised draft until October 25, at which time the plaintiff's counsel forwarded it to the trial judge for signature. The order when presented for entry bore the notation "approved as to form" over the signature of the defendant's counsel.

Counsel for the defendant did not disagree with this account, but he denied having had any intent to delay entry of a judgment in order to benefit his client, stating that it was not until September 30 that he had even

become aware that the existing divorce act was about to be repealed. The responsibility for having a judgment order entered is ordinarily that of the prevailing party, as counsel for the plaintiff admitted. The plaintiff does not claim, and the record before us does not establish facts which would prove that the defendant was estopped to assert the applicability of the Act. (See *Schmidt v. Cenacle Convent* (1967), 86 Ill. App. 2d 150, 157.) We are of the opinion, however, that the rendition by the trial court of dispositive findings on the issues involved in the defendant's appeal, with no contention of a subsequent change in conditions, is relevant to a determination whether the present act is applicable here.

As enumerated in the opinion of the appellate court, the defendant raised three issues on her appeal, *viz.*, the applicability of the Act, the insufficiency of the evidence to establish a ground for divorce, and the incorrectness of the circuit court's rulings on child support, alimony, and property. With respect to the first issue the appellate court agreed with the defendant that the Act was applicable. The court did not reach the third issue.

With respect to the second issue the court held that the judgment was deficient since it contained no finding of a lack of provocation on the part of the plaintiff, which the appellate court deemed to be a requisite under the new act. In oral argument the defendant conceded that such a finding was implicit in that the court had entered a judgment of divorce in favor of the plaintiff. The issue of provocation was raised by both the answer and the counterclaim, and we agree that here no specific separate finding on that issue was necessary. *Cf. Smith v. Smith* (1977), 47 Ill. App. 3d 583, 586; *Schubert v. Schubert* (1978), 66 Ill. App. 3d 29, 31.

The defendant's notice of appeal, however, sought a new trial on all issues raised by the pleadings. The appellate court stated that its holding did not preclude the

plaintiff on remand from "presenting evidence of an absence of cause or provocation." (*West v. West* (1978), 62 Ill. App. 3d 963, 965.) While the appellate court did not pass upon the other questions raised by the defendant as to the sufficiency of the evidence, those issues were preserved in a stipulation entered into between the parties in this court. The holding by the appellate court that this case is governed by the new act thus leaves open for redetermination on a new trial each issue on which the defendant claimed that the evidence was insufficient.

Section 801 of the Act (Ill. Rev. Stat. 1977, ch. 40, par. 801) provides:

> "(a) This Act applies to all proceedings commenced on or after its effective date.
>
> (b) This Act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered. Evidence adduced after the effective date of this Act shall be in compliance with this Act.
>
> (c) This Act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act.
>
> (d) In any action or proceeding in which an appeal was pending or a new trial was ordered prior to the effective date of this Act, the law in effect at the time of the order sustaining the appeal or the new trial governs the appeal, the new trial, and any subsequent trial or appeal."

It is the defendant's position that for purposes of section 801(b) a judgment was not entered here until November 2 by virtue of the provisions of Rule 272 (58 Ill. 2d R. 272). The latter provides:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the

judgment of record promptly, and the judgment is entered at the time it is entered of record."

Relying on *Davidson Masonry & Restoration, Inc. v. J. L. Wroan & Sons, Inc.* (1971), 2 Ill. App. 3d 524, the defendant argues that the statement in the July 15 memorandum opinion, "See judgment of divorce to be filed in conformity with the findings expressed herein," means that the memorandum itself cannot be regarded as a definitive decision in any regard.

The committee comments to Rule 272, however, make clear that the purpose of this rule was to resolve the difficulties which had arisen regarding the timeliness of an appeal where an oral announcement of judgment from the bench antedated the entry of a written judgment order. The *Davidson* case and other decisions of the appellate court deal with Rule 272 in this context. See, *e.g., Grissom v. Buckley-Loda Community Unit School District No. 8* (1973), 11 Ill. App. 3d 55; *Green v. Green* (1974), 21 Ill. App. 3d 396.

Timeliness of appeal is not an element in the present case. The question here is whether issues on which the presentation of evidence has been completed and on which the trial court has rendered a written decision may or must be retried under the substantially different standards of a later enactment. Decisions under the Marriage and Dissolution of Marriage Act have recognized that, where an appeal has been perfected prior to the effective date of that act, "[a] pplication of the new act to cases already decided at the trial level would not only be grossly unfair to one of the parties, it would also create an intolerable burden on the judicial system, requiring a court of review to decide issues without the benefits of vigorous advocacy attendant to a hearing on the merits or an initial determination by a trial court." (*McArdle v. McArdle* (1977), 55 Ill. App. 3d 829, 833.) In *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 239 (supplemental opinion on denial of rehearing), the

same reasoning underlay the holding that the new act was inapplicable to a petition for original writ of *mandamus* after proceedings in the trial court had terminated. And in *Staub v. Staub* (1978), 67 Ill. App. 3d 1004, where a post-trial motion was filed after the effective date of the new act, the appellate court stated:

> "In our estimation, the legislature attempted through section 801(b) to allow only those issues which had not been fully litigated prior to the effective date of the new act to be decided under the new law. It is not this section's intent to require the relitigation of issues already decided under the previous law simply because post-trial motions are pending or filed after the effective date of the new act." 67 Ill. App. 3d 1004, 1007.

While the specific amount of attorney's fees was not fixed by the court's written decision of July 15, 1977, the substantive issues of marital status, alimony, and custody and support of minor children had been litigated and were determined at that time.

We are not called upon here to decide whether the defendant, consistently with Rule 272, could have prosecuted an appeal from the memorandum decision of the circuit court. We hold only that under the unusual circumstances of this case it was error for the appellate court to reverse the judgment of the circuit court and remand the cause for consideration under the Illinois Marriage and Dissolution of Marriage Act. The judgment of the appellate court is therefore reversed, and the cause is remanded to that court with directions to consider, under the Illinois Divorce Act, the remaining issues.

*Reversed and remanded,*
*with directions.*