ROBERT L. SWISHER, JR., Plaintiff-Appellant, v. JOHN E. DUFFY, M.D., et al., Defendant-Appellees.

Third District   No. 3—84—0065

Opinion filed December 27, 1985.

692

BARRY, J., specially concurring.

Gerald M. Chapman, of James J. Reidy, Ltd., of Chicago, for appellant.

D. Kendall Griffith, R. Todd Hogan, and Joshua G. Vincent, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee St. Joseph Hospital.

Robert J. Baron and Carolyn J. Jones, both of Thomas, Wallace, Feehan, Baron & Kaplan, Ltd., of Joliet, for appellee John E. Duffy, M.D.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Robert L. Swisher, appeals from an order of the circuit court of Will County dismissing for untimely refiling the plaintiff's cause of action against the defendants, John E. Duffy, M.D., and the Franciscan Sisters Health Care Corporation, d/b/a St. Joseph Hospital. We reverse.

On October 13, 1981, the plaintiff filed a medical malpractice action against the defendants. On October 1, 1982, counsel for all parties appeared before Judge Connor. The plaintiff moved to voluntarily dismiss his suit pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009). The motion was granted and the dismissal entered on the judge's docket on the same day:

> "Charles Hahn for plaintiff. Mr. Sandberg and Mr. Gorbold
> for the defendants. Plaintiff's motion for voluntary non-suit is
> allowed. Case dismissed. CONNOR/kjk/mbs."

No written order of dismissal was entered by the judge, nor does it

appear that the judge requested or required that a dismissal order be prepared on that date.

Subsequently, on October 21, 1982, the plaintiff, apparently without notice to the other parties, presented a written voluntary dismissal order to the trial court. Judge Connor signed that order and the signing was noted in the docket.

Thereafter plaintiff retained new counsel, and the following year, on October 21, 1983, the plaintiff refiled the cause of action pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). Both defendants moved to dismiss the new action. They argued that the effective date of dismissal was October 1, 1982, the date on which the dismissal was entered in the judge's docket, rather than October 21, 1982, the date on which the written order was signed and noted. Therefore, the defendants argued, the plaintiff's new action was not timely refiled under section 13—217.

On December 13, 1983, the defendants' motion to dismiss was granted by a different judge, Judge Ewert. That judge, Judge Ewert, noted that it was the practice in Will County not to require a written order for voluntary dismissals.

Section 13—217 provides, in relevant part, that following a voluntary dismissal by the plaintiff, the plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater, after "the action is voluntarily dismissed." Ill. Rev. Stat. 1983, ch. 110, par. 13—217.

Because in the instant case the limitations period apparently expired prior to October 21, 1983, resolution of the present controversy requires that we decide the effective date of the plaintiff's voluntary dismissal. If the effective date of dismissal is October 1, 1982, then the plaintiff's second suit was untimely filed and, therefore, properly dismissed. If, on the other hand, the effective date was October 21, 1982, then the plaintiff's second cause of action was timely filed and we must reverse the trial court.

Section 2—1009 provides in relevant part:

> "(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, *by order filed in the cause.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009.)

The plaintiff asserts that the language of section 2—1009 requires a written order of dismissal before the cause is effectively dismissed. Thus, the plaintiff contends, since a written order was not signed and

entered by the trial court in the instant cause until October 21, 1982, the plaintiff's second cause of action, filed on October 21, 1983, was timely under section 13—217 and, thus, improperly dismissed.

The defendants respond by asserting that section 2—1009 does not require a written order. According to the defendants, an order of dismissal entered on the court's docket is an "order filed in the cause" for purposes of the section. Additionally, the defendants argue that considering the Will County custom of omitting written orders, the relevant supreme court rules, and the equities of the case, the voluntary dismissal was effective upon the October 1, 1982, docket entry of the oral order. Thus, the defendants contend that the plaintiff's second action, filed more than one year after the entry of dismissal in the original cause, was untimely under section 13—217 and, therefore, properly dismissed.

■ As noted above, section 2—1009 allows voluntary dismissal by the plaintiff "by order filed in the cause." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009.) Considering that the language of a statute must be given its plain and ordinary meaning (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585), we will endeavor to resolve the question presented here while giving due consideration to the relevant supreme court rules.

■ Supreme Court Rules 271 and 272 (87 Ill. 2d Rules 271, 272, respectively), concern entry of orders and judgments. Rule 271, which the plaintiff urges us to apply in the instant case, provides that "[w]hen the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." 87 Ill. 2d R. 271.

Rule 272, which the defendants argue is applicable here, provides:
"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 87 Ill. 2d R. 272.

In October 1982, a judgment of voluntary dismissal was not considered a final and appealable judgment. The trial court's docket judgment entry on October 1, 1982, was not made pursuant to Supreme Court Rule 272 but on the contrary was pursuant to Supreme Court Rule 271. In November 1984, the Supreme Court in *Kahle v. John De-*

*ere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d. 787, decided that a judgment of voluntary dismissal is or may be final and appealable. The decision in *Kahle* does not alter the essential operative facts of this case, namely, that the docket entry was not a final appealable judgment at the time it was entered and was not considered so either by the court or the litigants. Thus, we believe the decision in this case is governed by Supreme Court Rule 271.

The plaintiff's original cause of action was dismissed prior to trial pursuant to section 2—1009. As such, the dismissal was to be by order "filed in the cause." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009.) Further, Supreme Court Rule 271 requires that a written order be prepared and entered in the cause. (87 Ill. 2d R. 271.) Reading Rule 271 together with section 2—1009, it is apparent, then, that a dismissal pursuant to the plaintiff's motion to voluntarily dismiss requires that a written order be entered. We conclude that the dismissal in the plaintiff's original cause was "entered" on October 21, 1982, when the signed, written order was filed. Therefore, the plaintiff's present cause of action was timely refiled within the one-year limitation period set forth in section 13—217. Ill. Rev. Stat. 1981, ch. 110, par. 13—217.

■ In reaching the preceding conclusion we acknowledge that in dismissing the plaintiff's refiling as untimely Judge Ewert characterized Judge Connor's signed order as superfluous. Judge Ewert based his characterization upon the Will County custom not to require a written order for voluntary dismissals and upon the absence of a record directive to prepare a written order. However, neither Judge Ewert in his order nor the appellee on appeal has cited a local rule to the effect that written orders are not routinely requested in this type of case. We rely on the fact that after orally granting dismissal, the first judge did, ultimately, sign a written dismissal order. Further, we observe that one judge's perception of a local custom may not automatically control the plain language of our statutes, the purposes of our supreme court rules or the meaning of another judge's actions.

Accordingly, the judgment of the circuit court of Will County is reversed and remanded with directions to reinstate cause No. 82 L 720.

Reversed and remanded with directions.

HEIPLE, P.J., concurs.

JUSTICE BARRY, specially concurring:

I disagree with the majority's statement that the trial court's docket judgment entry on October 1, 1982, was not made pursuant to Supreme Court Rule 272 but on the contrary was pursuant to Supreme Court Rule 271. As the plaintiff and defendant Duffy acknowledge, it is by no means clear which rule controls in a case concerning the entry of a pretrial order. Under the facts here, application of either rule leads us to the same result. However, I find more appropriate the application of Rule 272. I so find given that rule's purpose to make certain how a judgment should be dated in order to resolve subsequent questions of timeliness. See 87 Ill. 2d R. 272, Committee Comments; see also *West v. West* (1979), 76 Ill. 2d 226, 390 N.E.2d 880.

Rule 272 provides that if the judge requires signing of a written judgment, the judgment is final only upon filing of the signed judgment. In so providing, the rule appears to acknowledge the greater reliability of a signed, written filing when there exists both a record entry unsigned by the court and a written filing.

In the instant case the clerk did not note, as required by Rule 272, that at the time of announcing final judgment the trial judge required submission of a written order for him to sign. Nevertheless, because the same judge for the court subsequently did sign a written order, I conclude that the judge granting voluntary dismissal did require such a written order. Therefore, because of Rule 272's preference for a written order, when such an order exists, I find that the instant dismissal order became final only when the written order was signed by the judge regardless of the clerk's actions.

Reading section 2—1009, the plain language of which appears to contemplate dismissal upon written order, together with Rule 272, I conclude that the dismissal in the plaintiff's original cause was final on October 21, 1982, when the signed, written order was noted in the record. Consequently, I agree with the majority that the plaintiff's present cause of action was timely refiled within the one-year limitation period set forth in section 13—217.