(Nos. 63016, 63023 cons.—

ROBERT L. SWISHER, Appellee, v. JOHN E. DUFFY
*et al.*, Appellants.

*Opinion filed April 2, 1987.—Rehearing
denied June 5, 1987.*

CLARK, C.J., and GOLDENHERSH and SIMON, JJ., dissenting.

Thomas, Wallace, Feehan, Baron & Kaplan, Ltd., of Joliet (Robert J. Baron and Pamela Davis, of counsel), for appellant John E. Duffy.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Joshua G. Vincent, of counsel), for appellant Franciscan Sisters Health Care Corporation.

James J. Reidy, Ltd., of Chicago (Margaret M. O'Leary, of counsel), for appellee.

JUSTICE RYAN delivered the opinion of the court:

Robert Swisher filed a medical malpractice action in the circuit court of Will County against Dr. John Duffy and St. Joseph's Hospital. On October 1, 1982, prior to trial on the merits, the circuit court granted plaintiff's motion for voluntary dismissal (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). On October 21, 1982, three weeks after granting the voluntary dismissal, the trial court signed a written order for voluntary dismissal of the case.

Plaintiff refiled this action in the circuit court of Will County on October 21, 1983, one year from the date that the circuit court signed the written order of voluntary dismissal. On December 13, 1983, the trial court granted defendants' motion to dismiss the action on the grounds that it was not filed within one year of the date that the voluntary dismissal was granted, as required by statute. (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) The appellate court reversed, concluding that the one-year period for refiling did not begin to run until the trial court signed the written order of voluntary dismissal. (*Swisher v. Duffy* (1985), 139 Ill. App. 3d 691.) We granted defendants' petition for leave to appeal, and we now reverse the appellate court.

Plaintiff filed his original medical malpractice action on August 12, 1981. When the circuit court granted plaintiff's motion for voluntary dismissal on October 1,

1982, the clerk made the following entry on the official docket:

> "Charles Hahn for Plaintiff. Mr. Sandberg and Mr. Garbold for the Defendants. Plaintiff's motion for voluntary non-suit is allowed. Case dismissed.
> CONNOR/hjk/mbs''

On October 21, 1982, plaintiff's attorney presented a written order of voluntary dismissal which the circuit court signed, and the clerk made the following notation in the official docket:

> "Voluntary dismissal order signed. SOS CONNOR/hjk"

There is no indication in the record that when the dismissal order of October 1 was entered the circuit court directed the preparation of a written order or that defendants had notice that on October 21 the written order was presented to the circuit court and signed. Plaintiff refiled his suit on October 21, 1983.

The issue in this case is whether judgment was entered on October 1 or October 21, for purposes of calculating the time allowed by statute for refiling. (See Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) In considering this question we turn to Supreme Court Rule 272 (87 Ill. 2d R. 272). Rule 272 provides as follows:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

Rule 272 was intended to resolve questions regarding the timeliness of an appeal where there is an oral announcement of judgment from the bench. (*West v. West* (1979), 76 Ill. 2d 226, 233.) The function of Rule 272 is

to fix the time that a judgment is entered for the purpose of determining the time allowed for filing an appeal. (*Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 293.) We find that the same purpose is served where there is a limited time set for refiling a case, as is provided in the statute involved here. (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) In such cases Rule 272 serves to fix the date of judgment for the purpose of determining whether plaintiff's refiling was timely.

Plaintiff argues that Rule 272 does not apply in this case. He contends that the judgment granting a voluntary dismissal was an order on a motion pursuant to our Rule 271 (87 Ill. 2d R. 271), not a final judgment within the meaning of Rule 272. Rule 271 provides as follows:

> "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise."

In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, this court was presented with the question of whether a voluntary dismissal is a final and appealable order. Relying on *Flores v. Dugan* (1982), 91 Ill. 2d 108, and *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, plaintiff argued that a voluntary dismissal order was not final and appealable. However, we distinguished *Flores* and *Wold* because both cases involved a dismissal for want of prosecution, not a voluntary dismissal. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 305.) The plaintiff was not prejudiced by the dismissal for want of prosecution because he had the right to refile his case within one year. In *Kahle* we held that a voluntary dismissal is a final and appealable order. (104 Ill. 2d 302, 307.) The order terminated that case because the defendant had no other way to test the validity of the dismissal. The new case is a separate cause of action. We find *Kahle* to be controlling. The order entered in this case was not pur-

suant to Rule 271, but was a final and appealable judgment under Rule 272.

Since the record in this case contains no notation to the effect that the judge required the submission of a written judgment order as he may do under Rule 272, judgment was entered for purposes of Rule 272 when it was "entered of record." (See *People v. Dickerson* (1984), 129 Ill. App. 3d 59, 61.) When the trial court granted the voluntary dismissal on October 1, and a notation of the court's pronouncement was made by the clerk, the judgment was entered of record. See *Drulard v. Country Co.* (1981), 99 Ill. App. 3d 1031, 1034; *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 984.

Plaintiff suggests that applying our holding in *Kahle* would constitute an impermissible retroactive application of the law, since *Kahle* was decided after the operative facts in this case took place. We are not persuaded by this argument. *Kahle* did not announce a new rule of law which constituted a sudden break with past holdings. This court had previously noted by way of *dicta* that a voluntary dismissal may be final for the purpose of appeal. (*Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157, 161.) There had been no prior holding of this court that a voluntary dismissal under section 2—1009 of the Code of Civil Procedure was not a final and appealable order. *Kahle* was decided prior to the appellate court's decision in this case, and the appellate court was bound to follow our holding. None of the reasons compelling solely prospective application of a decision of this court are applicable here. See *People v. Shum* (1987), 117 Ill. 2d 317.

Plaintiff also contends that the filing of a written order of voluntary dismissal is required by section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch.

110, par. 2—1009). The pertinent part of this statute provides as follows:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause."

Plaintiff argues that the words "by order filed in the cause" mean that a written order is required. We reject this interpretation of the statute's language. The statute merely requires that an order be entered. We find nothing in the language of the statute that requires a written order. Thus the statute does not affect the operation of Rule 272.

The final judgment of voluntary dismissal was entered on October 1, and this effectively terminated the case. Since the circuit court did not request a written order, and none was required, the written order signed on October 21 was superfluous and had no legal effect.

Accordingly, we reverse the judgment of the appellate court and affirm the judgment of the circuit court of Will County.

*Appellate court reversed;*
*circuit court affirmed.*

CHIEF JUSTICE CLARK, dissenting:

I respectfully dissent. In my opinion, the court uses an extremely dubious interpretation of the pertinent statute and rules to reach a result which deprives the plaintiff of his substantive right to seek redress. Moreover, given the laconic nature of most docket entries, the court's interpretation is bound to create unnecessary confusion in future cases.

This is a case where, unfortunately, no statute or rule speaks directly to the point at issue. The precise ques-

tion we seek to answer is this: Where the court grants a plaintiff's motion for voluntary dismissal, the grant is recorded by an entry on the official docket which does not indicate that the court contemplates a written order of dismissal, and the court later signs a written order for voluntary dismissal, does the one-year period for refiling begin to run from the date of the docket entry or the date of the signed written order? In the absence of a provision specifically governing such a situation, logical inference can support either alternative, depending on which statute or rule you choose to find applicable, and how you choose to interpret it. Each written opinion in this case, both from the appellate court, and in our court, has read these provisions differently.

The statute which governs voluntary dismissals specifically provides that a plaintiff is to dismiss his or her action *"by order filed in the cause."* (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.) Giving the words "order" and "filed" their usual meanings, the statute would seem to contemplate only written orders and thus to further imply that the period of refiling will run from the date of such order. Our Rule 271 (87 Ill. 2d R. 271), which governs rulings upon motions other than in the course of trial, provides that the prevailing party is to prepare and present to the court "the order or judgment to be entered, unless the court directs otherwise." It would thus seem to imply that written orders are to be preferred, and that in the absence of a contrary direction, the date of the written order will control. Our Rule 272 (87 Ill. 2d R. 272), which was intended to resolve questions concerning the timeliness of appeals from final judgments (*Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 293), provides that oral judgments are final when entered of record unless at the time of judgment the judge requires a signed written order, a notation to that effect being entered by the clerk, in which

case the judgment only becomes final when the signed judgment is filed. Assuming that: (1) voluntary dismissals are final judgments, (2) Rule 272 governs not only timeliness of an appeal but also the timeliness of a refiling, and (3) the absence of a notation in this case means that the judge granting dismissal did not originally require the submission of a written order, application of Rule 272 would seem to dictate the time for refiling began to run at the time when the voluntary dismissal order was entered on the record.

The different positions adopted by the different written opinions in this case reflect these differing interpretations of the rules. In the appellate court, the majority opinion relied partially upon section 2—1009 and partially upon Rule 271 to hold that a voluntary dismissal always requires a written order and that therefore the period for refiling could not begin to run until that written order was entered. (139 Ill. App. 3d 691, 695.) The concurring opinion would have held that Rule 272 applied, but, disagreeing with the third assumption mentioned above, concluded that the absence of a clerk's notation did not mean that the judge failed to require a written order. This opinion infers that the judge did require such an order from the fact that he later signed one. (139 Ill. App. 3d 691, 695-96.) In this court, the majority opinion takes the view that Rule 272 applies, and adopts all of the three assumptions set forth above. (117 Ill. 2d at 378-79.) Thus the majority would hold that a suit may be voluntarily dismissed either by docket entry or by written order, but concludes that, in this case, the judge did not originally contemplate a written order and thus the period of refiling began to run when the clerk entered on the official docket the judge's oral announcement of his grant of plaintiff's motion to voluntarily dismiss.

It seems to me that a proper approach to this case must begin with the obvious: Neither the statute nor our own rules specifically provide a date from which the one-year period for refiling an action after a voluntary dismissal is to be measured. On the one hand, the voluntary-dismissal statute does not specify whether the grant of the motion is to be dated from docket entry or written order. On the other hand, neither Rule 271 nor Rule 272 deals specifically with voluntary dismissals. Moreover, analogies drawn to either of the two rules are bound to be misleading.

In particular, the court's application of Rule 272 ignores the crucial difference between the time given to an *adverse* party to appeal from a judge's ruling against that party, and the time given to a *prevailing* party to refile after a judge has ruled in favor of that party. Although Rule 272 does not so specify, it is surely the prevailing party who will be required to submit a written judgment if the judge so requires. Since the adverse party's time to file an appeal will not begin to run until the prevailing party prepares the written judgment and causes it to be signed and filed, the prevailing party usually has every incentive to see that the written judgment is filed promptly. In the case of a voluntary dismissal, however, the clock will begin to run against the *prevailing* party, and not against the *adverse* party. Thus, application of Rule 272 to voluntary dismissals will enable the prevailing party, the party granted the voluntary dismissal, to unilaterally extend the time for refiling simply by delaying its preparation of the written order or judgment.

Thus, while the court has held in this case that plaintiff cannot refile, its application of Rule 272 will lead to the very consequence it evidently fears—the unilateral extension of time to refile by plaintiffs granted voluntary dismissals. Application of Rule 271, which mandates

written orders unless the judge directs otherwise, would lead to the same unfortunate result.

On the other hand, it cannot be denied that section 2—1009 contemplates written orders of dismissal—at least as an alternative, or more probably as a requirement. The phrase "by order to be filed in the cause," seems to definitely contemplate a written order. In particular, use of the phrase "filed" seems to imply that a written document must be transferred to the custody of a court officer. "A document is filed when it is delivered to the proper officer with the intent of having such document kept on file by such officer in the proper place." (*Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 1007.) The requirement of a written document is particularly appropriate in the case of a voluntary dismissal because of the possibility that the case will shortly be refiled. Under these circumstances, there is a great need for providing a specific, easily ascertainable date which will commence the limitations period. A docket book is less likely than a filed document to provide such a record.

Thus we are presented with a genuine dilemma. While voluntary dismissals may be, or perhaps must be, made by written order, our usual practice of having the prevailing party prepare such an order may lead to deliberate delay. Pending possible amendment of our rules to deal with this situation, I would hold the following: Voluntary dismissals are to be granted by written order, to be prepared by the prevailing party. However, the adverse party may, to protect its rights, move that any written order be made *nunc pro tunc*, with its date effective as of the date of the docket entry, if any, of the grant of the motion to voluntarily dismiss. In this case, the record does not reflect that the adverse party so moved to protect its rights. Since the written order is not *nunc pro tunc*, its date should control. I would there-

fore hold that the plaintiff's cause of action was timely filed, and that the judgment of the appellate court should be affirmed. I therefore dissent.

GOLDENHERSH and SIMON, JJ., join in this dissent.