HARDIN DAVIS, Plaintiff-Appellant, v. CARBONDALE ELEMENTARY SCHOOL DISTRICT NO. 95, Defendant-Appellee.

Fifth District   No. 5—87—0505

Opinion filed May 23, 1988.

Robert P. Schulhof, of Robert P. Schulhof & Associates, of Carbondale, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Kevin R. Sido, Nancy G. Lischer, and Philip R. King, of counsel), for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Hardin Davis, filed an action in the circuit court of Jackson County to enjoin defendant, Carbondale Elementary School District No. 95, from terminating him from his employment as principal at one of its schools. As grounds for his complaint, plaintiff alleged that defendant had failed and refused to comply with the provisions of section 24—12 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24—12). Defendant promptly filed a motion to dismiss, arguing, *inter alia*, that as a principal who did not have a multiyear contract, plaintiff was not entitled to the procedural protections afforded by that statute. The circuit court granted defendant's motion, and plaintiff's complaint was dismissed for failure to state a cause of action. Plaintiff elected to stand on his pleadings. This appeal followed. Because the record shows that the appeal is untimely, it must now be dismissed.

A hearing on defendant's motion was held on May 15, 1987. At the conclusion of that hearing, the court announced its decision to dismiss the complaint. Because plaintiff had advised the court that he did not want leave to amend, the court correctly indicated that its dismissal order constituted a final judgment and was appealable. No notation was made by the clerk indicating that the trial judge required a written form of judgment to be submitted to him. Rather, the judge simply made a notation of the judgment in the record sheet. That entry was made on the same day as the hearing, May 15. Pursuant to Supreme Court Rule 272 (107 Ill. 2d R. 272), that is the date on which the final judgment is deemed to have been entered. (*Swisher v. Duffy* (1987), 117 Ill. 2d 376, 380, 512 N.E.2d 1207, 1210.) Under Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)), it is also the date on which the 30-day period for filing the notice of appeal began to run. (*Dru-*

*lard v. Country Cos.* (1981), 99 Ill. App. 3d 1031, 1034, 426 N.E.2d 347, 350.) Plaintiff did not, however, file his notice of appeal until July 10, 1987, more than 30 days later. Accordingly, we lack jurisdiction to entertain his appeal, and the appeal must be dismissed. 99 Ill. App. 3d at 1034, 426 N.E.2d at 350.

In reaching this result, we acknowledge that plaintiff's delay in filing his notice of appeal was not the result of inadvertence or neglect. The circuit court has a local rule, designated as Rule 1.15, which provides:

> "Preparation of Judgments and Orders. When the Court *** makes a final determination in an action, the attorney for the prevailing party shall promptly prepare and present to the Court and opposing counsel, the Order or Judgment to be entered, unless the Court directs otherwise. (Entry of the draft tendered will be automatic unless objection is made within five (5) days of the date the draft is delivered to the Court.)"

Apparently what happened here is that at the hearing on the motion to dismiss, defendant's attorney submitted a proposed written judgment for the court's approval in accordance with this rule. Plaintiff's attorney objected to that proposed judgment after the judge announced his decision, and the judge then gave verbal approval to plaintiff's attorney to submit his own draft judgment. Defendant's counsel, in turn, objected to the judgment proposed by plaintiff and prepared a second proposed judgment for the court's consideration. When plaintiff's attorney opposed this version as well, the judge rejected all of the drafts submitted by the parties and prepared and entered his own written judgment on June 10, 1987.

■ Plaintiff's counsel seems to have been under the impression that, given local Rule 1.15, he did not need to file his notice of appeal until this dispute was resolved and a formal written judgment was entered by the court. While we appreciate counsel's position, local Rule 1.15 cannot be invoked to avoid the requirements of Supreme Court Rule 272 (107 Ill. 2d R. 272). If the circuit court did not want its judgment to become final until a written order was submitted and approved, a notation to that effect should have been made in the record by the clerk. Absent such a notation, the judgment became final, as we have just held, when the judge noted it in the record sheet. The subsequent written order was superfluous and had no legal effect. (*Swisher v. Duffy* (1987), 117 Ill. 2d 376, 381, 512 N.E.2d 1207, 1210.) To find otherwise would be tantamount to holding that the circuit court had the authority to implement a local rule which modified the requirements of a rule promulgated by the supreme court. Circuit

courts have no such authority. Pursuant to Supreme Court Rule 21(a) (107 Ill. 2d R. 21(a)), any local rules adopted by a circuit court must be consistent with the rules of our supreme court. *People ex rel. Brazen v. Finley* (1986), 146 Ill. App. 3d 750, 754, 497 N.E.2d 1013, 1016.

For the foregoing reasons, plaintiff's appeal is dismissed.

Appeal dismissed.

LEWIS and CALVO, JJ., concur.