THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Plaintiff-Appellant, v. GARY-WHEATON BANK, as Trustee, *et al.*, Defendants-Appellees.

Second District   No. 2—89—1157

Opinion filed September 28, 1990.

Neil F. Hartigan, Attorney General, of Springfield, and David F. Rolewick, of Rolewick & Kenny, P.C., of Wheaton (Malcolm E. Erickson, Special Assistant Attorney General, of Oak Brook, of counsel), for appellant.

Leo N. Cinquino and Celeste P. Cinquino, both of Righeimer, Martin & Cinquino, P.C., of Chicago, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, the Illinois State Toll Highway Authority, appeals from a judgment in an eminent domain case entered for the defendants, Gary-Wheaton Bank, as trustee under trust agreement dated January 6, 1984; Jeffrey Walker; George Yager; and unknown owners. The plaintiff raises two issues in this appeal; however, we cannot reach the plaintiff's proposed issues since we lack jurisdiction to hear its appeal.

On May 17, 1989, after a trial, the jury found just compensation for the property taken to be $7.58 per square foot. They found the damage to the remainder to be $72,000, and further found the damages to the property within a temporary easement strip to be $1,800. All the jury members signed the verdict form. On the bottom of form, the trial judge made the following notation:

"5/17/89 — 2:03 PM

Judgment entered on the verdict.

/s/ S. K. Lewis"

After discharging the jury, the trial court and the parties' attorneys made the following statements:

"THE COURT: Anything else today, gentlemen? May I enter judgment on the verdict?

MR. CINQUINO [the defendants' attorney]: Yes, Judge. We have to multiply the seven fifty-eight times the 4458.

MR. GUTZKE [the plaintiff's attorney]: 4449, I believe.

MR. CINQUINO: 4449.

THE COURT: I think I would prefer not to write that on the verdict form. Maybe you can make an ancillary order that reflects that calculation.

MR. GUTZKE: We can put that on the final order.

MR. CINQUINO: Okay. Certainly.

THE COURT: Okay. Then proceedings are concluded.

MR. CINQUINO: Yes, your Honor.

MR. GUTZKE: Yes, Judge."

On May 30, 1989, the trial court entered the defendants' prepared *"FINAL JUDGMENT ORDER"* (emphasis in original), which contained the calculations to conform to the jury's verdict.

On June 23, 1989, the plaintiff filed a motion for a new trial. The defendants filed a response and a motion to strike the plaintiff's motion for a new trial arguing that the trial court did not have jurisdiction to hear the plaintiff's motion since more than 30 days had elapsed between the trial court's judgment and the filing of the plaintiff's post-trial motion. See Ill. Rev. Stat. 1989, ch. 110, par. 2—1202.

On August 30, 1989, the trial court granted the defendants' motion to strike the plaintiff's motion for a new trial. On September 28, 1989, the plaintiff filed a motion to reconsider the trial court's August 30 order striking the plaintiff's motion for a new trial which the trial court denied. This appeal followed.

■ The plaintiff argues that we need not consider the preliminary question of whether this court has jurisdiction to entertain this appeal. It relies on the fact that, during the pendency of the appeal, the defendants unsuccessfully sought to dismiss it for lack of jurisdiction. We observe that we have a duty to determine whether we have jurisdiction, even if that issue was not raised by a party. (See *Deerfield Management Co. v. Ohio Farmers Insurance Co.* (1988), 174 Ill. App. 3d 837, 839.) That duty is not affected by our previous denial of the defendants' motion to dismiss, and we will therefore consider

whether we have jurisdiction to entertain this appeal.

Supreme Court Rule 272 provides:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 107 Ill. 2d R. 272.

Supreme Court Rule 272 is intended to resolve questions regarding the timeliness of an appeal where there is an oral announcement of judgment from the bench. (*West v. West* (1979), 76 Ill. 2d 226, 233.) The function of Rule 272 is to fix the time when a judgment is entered for the purpose of determining the time allowed for filing an appeal. *Stoermer v. Edgar* (1984), 104 Ill. 2d 287, 293.

In *Swisher v. Duffy* (1987), 117 Ill. 2d 376, a plaintiff filed an action which he subsequently moved to dismiss voluntarily. (117 Ill. 2d at 377.) On October 1, 1982, the trial court granted the plaintiff's motion, and the court clerk noted it in the docket entry, but the trial court did not sign a written order for voluntary dismissal until October 21, 1982. (117 Ill. 2d at 377-78.) The plaintiff refiled his action on October 21, 1983. The trial court granted the defendants' motion to dismiss the action on the ground that it was not refiled within one year of the date that the trial court granted the voluntary dismissal. (117 Ill. 2d at 377.) The supreme court held that although section 2—1009 of the Code of Civil Procedure requires "by order filed in the cause" to dismiss voluntarily an action (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009), the statute did not affect the operation of Supreme Court Rule 272. (117 Ill. 2d at 381.) Since there had been no notation that the trial court required a written judgment, the court's oral October 1 decision controlled the time for further filing. 117 Ill. 2d at 381.

In *Davis v. Carbondale Elementary School District No. 95* (1988), 170 Ill. App. 3d 687, the trial court orally granted the defendant's motion to dismiss the plaintiff's complaint on May 15, 1987. (170 Ill. App. 3d at 688.) The circuit court had a local rule which required the prevailing party to prepare and present the written order. The defendant drafted a proposed order, to which the plaintiff objected. The judge allowed the plaintiff to submit his own draft order. The defendant objected to the plaintiff's proposed order and prepared a second draft order. Again, the plaintiff objected to the defendant's proposed order. By June 10, 1987, the judge rejected all of the drafts

and prepared and entered his own order. The plaintiff filed his notice of appeal more than 30 days after the May 15 hearing and ruling, but within 30 days of the June 10 order entry date. 170 Ill. App. 3d at 689.

The *Davis* court found that it did not have jurisdiction to hear the appeal even though the trial court allowed both parties to submit draft orders and even though the circuit court local rule required the prevailing party to prepare and present the final order. The court held that since the trial court did not make a notation, on May 15 when it made its oral ruling, that it required a written order, the order became final on May 15, not on June 10 when the trial court entered its own order. The court found the June 10 order to be superfluous and without legal effect to extend time for appeal. 170 Ill. App. 3d at 689.

■ We find the *Swisher* and *Davis* decisions controlling. On May 17, there was no notation by the trial judge that he required a written order. Rather, on that date, the judge signed the verdict form to reflect judgment on the jury's verdict. Furthermore, the May 30 "ancillary order" was needed solely to reflect the verdict calculations. Since the plaintiff did not file this appeal within 30 days of the May 17 final order, as required by Supreme Court Rule 303 (107 Ill. 2d R. 303), we dismiss the appeal for lack of jurisdiction.

Furthermore, we find that this court additionally lacks jurisdiction because the plaintiff failed to timely file his notice of appeal. Supreme Court Rule 303(a)(1) provides in pertinent part:

"Except as provided in paragraph (b) ***, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending post-trial motion." 107 Ill. 2d R. 303(a)(1).

■ A motion qualifies as a post-trial motion under Supreme Court Rule 303(a)(1) and tolls the time for filing a notice of timely appeal if it requests one or more of the types of relief authorized in section 2—1202 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1202; see also *Hanna v. American National Bank & Trust Co.* (1988), 176 Ill. App. 3d 938, 942.) Among the types of relief specified in section 2—1202 are reserved motions for directed verdict, motions for judgment notwithstanding the verdict, or motions for a new trial. Ill. Rev. Stat. 1989, ch. 110, par. 2—1202.

■ A trial court has no jurisdiction to hear successive post-trial motions, even where each is filed within 30 days after denial of the

previous motion. (*B-G Associates, Inc. v. Giron* (1990), 194 Ill. App. 3d 52, 57; see also *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 418.) Where multiple post-trial motions are filed within 30 days of the court's final judgment, but where the second post-trial motion is filed only after the first post-trial motion was denied, the trial court still does not have jurisdiction to hear the second post-trial motion. *Giron*, 194 Ill. App. 3d at 57; see also *Sears v. Sears* (1981), 85 Ill. 2d 253, 259.

■■ Assuming *arguendo* that the plaintiff's motion for a new trial, filed June 23, was timely, we would still lack jurisdiction to hear the plaintiff's appeal. The plaintiff's September 28, 1989, motion to reconsider the trial court's August 30, 1989, order striking the plaintiff's motion for a new trial is the plaintiff's second post-trial motion. Therefore, the filing of the notice of appeal by the plaintiff on November 6, 1989, was not timely, and this court lacks jurisdiction to proceed.

Appeal dismissed.

UNVERZAGT, P.J., and INGLIS, J., concur.