E. ELVINA BOYD *et al.*, Plaintiffs-Appellants, v. SANITARY DISTRICT OF DECATUR, Defendant-Appellee.

Fourth District   No. 4—90—0887

Opinion filed June 13, 1991.

Gregory L. Barnes, of Gregory L. Barnes, Ltd., of Decatur, for appellants.

Peter W. Brandt, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiffs E. Elvina Boyd and Thomas Boyd appeal from an order entered by the circuit court of Macon County dismissing their amended two-count complaint against defendant Sanitary District of Decatur, Illinois, on grounds it was not filed within the applicable statutory period of limitations, an affirmative matter as set forth in section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9)). Defendant maintains the notice of appeal was not filed within the 30-day period after the entry of the final

judgment of the circuit court as required by Supreme Court Rule 303(a)(1) (134 Ill. 2d R. 303(a)(1)). We agree and dismiss the appeal for want of jurisdiction.

On August 30, 1989, an entry was made on the circuit court's official docket sheet for the case indicating that court had granted defendant's motion, which had requested the complaint be dismissed "with prejudice." The entry made no mention of any requirement for the order of dismissal to be followed by a written order. Approximately one year later on September 5, 1990, the trial court granted plaintiffs' motion for a written judgment order to be entered on the docket entry of August 30, 1989, on grounds that Supreme Court Rule 271 (134 Ill. 2d R. 271) required entry of a written order. The written order on the court's August 30, 1989, ruling was entered on December 26, 1990, and plaintiffs filed their notice of appeal on that same day.

The issue presented is whether the final judgment from which appeal is attempted was entered on August 30, 1989, the date of the docket entry, or on December 26, 1990, the date the written judgment of dismissal was filed. The question turns upon the operation of Supreme Court Rules 271 and 272 (134 Ill. 2d R. 272). Rule 271 states:

> "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." (134 Ill. 2d R. 271.)

Rule 272 states:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 134 Ill. 2d R. 272.

■ Difficulty in interpretation arises here because the judgment, the time of entry of which is in controversy, was one "other than in the course of trial"—which is the stated criteria for coverage under Rule 271—but it was also a "final judgment," upon which Rule 272 is based.

We agree with defendant that Rule 272 controls in this case. In *Swisher v. Duffy* (1987), 117 Ill. 2d 376, 512 N.E.2d 1207, the trial court granted the plaintiff's motion for voluntary dismissal, and an entry was made in the official docket without any mention that a

written order of voluntary dismissal be submitted for the court's signature. Three weeks later, the trial court signed a written order of voluntary dismissal tendered by plaintiff's attorney. Plaintiff refiled the action exactly one year from the date the written order of voluntary dismissal was entered, and the trial court dismissed the complaint on grounds it was not filed within one year of the date the voluntary dismissal was granted as required by section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). The appellate court reversed, holding the trial court's order of voluntary dismissal was entered on the date the written order was signed. (*Swisher v. Duffy* (1985), 139 Ill. App. 3d 691, 487 N.E.2d 696.) The supreme court reversed the appellate court and affirmed the trial court. The supreme court noted that Rule 272 governs the time of judgment for the purposes of determining the time allowed for filing an appeal, and there Rule 272 controlled over Rule 271 because a voluntary dismissal order was a final and appealable judgment. Accordingly, the supreme court found that judgment was entered at the time of the docket entry.

■ The rule of *Swisher* is the only reasonable way of reconciling the possible overlap between the two rules when an order made other than in the course of trial is also, as here, final as to all claims and all parties and then appealable under Rule 301. (134 Ill. 2d R. 301.) We follow *Swisher* here. Plaintiffs' motion for entry of a written order alleged that on September 11, 1989, plaintiffs' counsel contacted the court and the court indicated to counsel a written order was to be filed. However, the record does not indicate any "notation to that effect" was made by the clerk. Accordingly, we hold the order of dismissal was entered on August 30, 1989, and any appeal therefrom was fatally tardy. We dismiss the appeal.

Appeal dismissed.

LUND, P.J., and KNECHT, J., concur.